WILLIAM DILWORTH, JR., *v.* WILLIAM L. MURPHY.

**Mortgages—Surrender of Lien.**

A mortgagee should not be compelled to surrender his lien on any of the property embraced in the mortgage until all parties in interest are brought into court and their respective interests adjudged.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 14, 1873.

OPINION BY JUDGE LINDSAY:

It is not pretended that the wharf property will sell for a sum sufficient to satisfy the claims of all persons holding liens on it. The note transferred to Dilworth by the Bank of Kentucky is secured by a mortgage on both the wharf property and the Preston Street lot. Except for the fact that the latter property has been purchased by Murphy, it is clear that those holding liens on the wharf property subordinate to the lien in favor of the note now held by Dilworth, could in equity compel him in the collection of the note assigned to him by the bank to resort first to the Preston Street lot.

The decree of the vice-chancellor is doubtless based upon the idea that the purchase by Murphy gives him an equity superior to those of the holders of the junior mortgage on the wharf lot, and that as they can not compel Dilworth to look primarily to his lot without disregarding the superior equity, they will not be allowed to do so.

It is not necessary that we should express an opinion as to whether or not this view is correct. The holders of the subordinate or inferior liens on the wharf property are not parties to this suit and are in no way bound by the judgment herein. If in the contest between Dilworth and the holders of these liens a different conclusion as to their respective rights shall be reached, they can insist, notwithstanding such judgment, that he shall satisfy the note assigned to him by the bank out of the Preston Street lot, and thus be deprived of the benefit of his superior lien on the wharf property, which, upon the other hand, the judgment in the case will debar him from looking to said lot for the payment of his debt.

It seems to the court that the appellee should have been required to make the holders of the liens on the wharf property parties to his suit, or else it should have been consolidated with suit No. 21,622, which, it appears, is pending in the chancery court, for the purpose of settling the superiority of the various liens on the wharf property.

Until all the parties in interest are in some manner brought before the court in the same proceeding and their respective rights adjudged, Dilworth ought not to be compelled to surrender his lien on any of the property embraced in the mortgage to the bank.

The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Speed, Boyle, for appellant.*

*Elliott, for appellee.*